


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------

PATRICK KENDALL,

                                Plaintiff,     **COMPLAINT AND**
                                        **JURY DEMAND**

            -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND KELLY, POLICE OFFICER SALVATORE
TUDISCO, POLICE OFFICER SARAH MATHERS,
JOHN DOE ##1-5

                                           ECF CASE

                             Defendants.

------------------------------------------------------------------ x


## PRELIMINARY STATEMENT

1.   This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2.   The claim arises from an October 21, 2006 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiffs to, among other things, assault, battery, and excessive force.

3.   Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4.   This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and

supplementary jurisdiction over plaintiffs' state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant resided in New York County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. New York Police Commissioner Raymond Kelly ("Kelly") was at all times here relevant the Commissioner of the New York City Police Department, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendants. Kelly is sued in his individual and official capacities.

10. All other individual defendants ("the officers") are employees of the NYPD, and are sued in their individual capacities.

11. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

12. On October 21, 2006, outside of 115 Essex Street, New York, NY, plaintiff was falsely arrested by Police Officer Salvatore Tudisco, Police Officer Sarah Mathers, and John Doe ##1-5s (collectively, "the officers") who used excessive force in arresting plaintiff. Plaintiff was

engaged in absolutely no unlawful conduct, but was a passerby when the officers were arresting another individual, unknown to plaintiff, named Christopher Oquendo. The officers then grabbed plaintiff, threw him to the ground, assaulted and arrested him.

13. The officers assisted each other in assaulting and falsely arresting plaintiff, and failed to intervene in the obviously unlawful actions of their fellow officers.

14. Plaintiff was injured as a result of the excessive force and required medical treatment.

15. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

16. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

   b. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

   c. Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

   d. Physical pain and suffering;

   e. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety.

## FIRST CAUSE OF ACTION

(42 USC § 1983)

17. The above paragraphs are here incorporated by reference.

18. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §§1983 and §§ 6 and 12 of the New York State Constitution.

19. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

20. The above paragraphs are here incorporated by reference.

21. The City and Kelly are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

22. The City and Kelly knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

23. The aforesaid event was not an isolated incident. The City and Kelly have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on the observations needed for an arrest, and on how to avoid excessive force, and their obligations to intervene in unlawful conduct of their fellow officers. The City and Kelly are further aware, from the same sources that a "wall of silence" exists by which police officers assault citizens without fear of reprisal. Insufficient mechanisms are in place to investigate when a suspect is injured in police custody. The City and Kelly fail to discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. Additionally, the City and Kelly have isolated their law

4

action; and

    D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:    Brooklyn, New York
                November 12, 2007

TO:    New York City
        Corporation Counsel Office
        100 Church Street, 4th floor
        New York, NY  10007

        Police Commissioner Raymond W. Kelly
        1 Police Plaza
        Room 1406
        New York, NY 10006

        Police Officer Salvatore Tudisco
        19 1/2 Pitt Street
        New York NY 10013

        Police Officer Sarah Mathers
        19 1/2 Pitt Street
        New York NY 10013

Yours, etc.,

*[signature]*

ANDREW B. STOLL, ESQ.
Bar #AS8808
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY  11217
(718) 852-3710
astoll@stollglickman.com