UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

PATRICK KENDALL,

Plaintiff,

-against-

THE CITY OF NEW YORK, COMMISSIONER
RAYMOND KELLY, POLICE OFFICER SALVATORE
TUDISCO, POLICE OFFICER SARAH MATHERS,
JOHN DOE # 1-5,

Defendants.

------------------------------------------------------------------------x

**ANSWER**

**07 CV 10296 (HB)**

JURY TRIAL DEMANDED

Defendants City of New York, and Raymond Kelly, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege upon information and belief, as follows:

1.    Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

2.    Deny the allegations set forth in paragraph "2" of the complaint.

3.    Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to seek the damages as stated.

4.    Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to bring this action and to invoke pendent and supplementary jurisdiction of the Court as stated therein.

5.    Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to proceed as stated therein.

6.    Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated therein.

7.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.    Admit the allegations set forth in paragraph "8" of the complaint.

9.    Deny the allegations set forth in paragraph "9" of the complaint, except admit that Raymond Kelly is the Commissioner of the New York City Police Department and that plaintiff purports to sue him as stated therein.

10.    Deny the allegations set forth in paragraph "10" of the complaint, except admit that Salvatore Tudisco and Sarah Mathers are employed by the City of New York as police officers and plaintiff purports to sue them as stated therein.

11.    Paragraph "11" of the complaint contains conclusions of law rather then averments of fact and accordingly requires no response.

12.    Deny the allegations set forth in paragraph "12" of the complaint, except admit that plaintiff was arrested on October 21, 2006 in the vicinity of 115 Essex Street in New York.

13.    Deny the allegations set forth in paragraph "13" of the complaint.

14.    Deny the allegations set forth in paragraph "14" of the complaint.

15.    Deny the allegations set forth in paragraph "15" of the complaint.

16.    Deny the allegations set forth in paragraph "16" of the complaint, including all subparts thereto.

17.  In response to the allegations set forth in paragraph "17" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "16" inclusive of this answer, as if fully set forth herein.

18.  Deny the allegations set forth in paragraph "18" of the complaint.

19.  Deny the allegations set forth in paragraph "19" of the complaint.

20.  In response to the allegations set forth in paragraph "20" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "19" inclusive of this answer, as if fully set forth herein.

21.  Deny the allegations set forth in paragraph "21" of the complaint.

22.  Deny the allegations set forth in paragraph "22" of the complaint.

23.  Deny the allegations set forth in paragraph "23" of the complaint.

24.  Deny the allegations set forth in paragraph "24" of the complaint.

25.  Deny the allegations set forth in paragraph "25" of the complaint.

26.  Deny the allegations set forth in paragraph "26" of the complaint.

27.  Deny the allegations set forth in paragraph "27" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

28.  The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

29.  Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

30.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of the defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

31.    Defendant Kelly has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

32.    Plaintiff may have failed to comply with the conditions precedent to suit under State Law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

33.    At all times relevant to the incident, defendants acted reasonably, in the proper, lawful exercise of their discretion.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

34.    Plaintiff provoked any incident.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

35.    Plaintiff's claims may be barred in part by the applicable statute of limitations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

36.    There was probable cause for plaintiff's arrest, detention and prosecution.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

37.    Plaintiff's claims may be barred in part by the doctrines of *res judicata* and/or *collateral estoppel*.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

38.    At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion.  Therefore the City of New York is entitled to governmental immunity.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:**

39.    Punitive damages cannot be assessed against the City of New York.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

40.    Defendant Kelly was not personally involved.

**WHEREFORE,** defendants City of New York and Raymond Kelly request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          February 14, 2008

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                          City of New York
                        Attorney for Defendants City of New York and
                        Kelly
                        100 Church Street, Room 3-208
                        New York, New York 10007
                        (212) 788-1895


                        By:    _____
                               Jessica T. Cohen (JC 0044)
                               Assistant Corporation Counsel


cc:  Andrew Stoll, Esq.
     Stoll,  Glickman and Bellina
     71 Nevins St.
     Brooklyn, New York 11217 (via ECF)

- 5 -

Index No.  07 CV 10296 (HB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICK KENDALL,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK, COMMISSIONER
RAYMOND KELLY, POLICE OFFICER
SALVATORE TUDISCO, POLICE OFFICER
SARAH MATHERS, AND JOHN DOE # 1-5,

                                        Defendants.

**ANSWER**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Jessica T. Cohen*
*Tel:  (212) 788-1895*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ....................................................................................... , 200...*

*.......................................................................................... , Esq.*

*Attorney for .........................................................................................*

- 6 -