```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
PATRICK KENDALL,                          07 Civ. 10296(HB)(DFE)
                   Plaintiff,
                                          This is an ECF case
        - against -
                                          MEMORANDUM AND ORDER
THE CITY OF NEW YORK,
POLICE COMMISSIONER RAYMOND KELLY,
POLICE OFFICER SALVATORE TUDISCO,
POLICE OFFICER SARAH MATHERS,
JOHN DOE ##1-5,

                   Defendants.
------------------------------------x
```

[Stamp: USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 7/11/08]

DOUGLAS F. EATON, United States Magistrate Judge.

By Order of Reference dated July 2, 2008, Judge Baer referred this case to me solely for the 33-day period through August 4, and specifically asked me to rule on the issues raised by two letters. Those two letters are:

(a) A letter to Judge Baer from plaintiff's counsel Andrew Stoll, erroneously dated June 20 but actually faxed on the night of June 25, requesting an extension of the July 1st deadline for completion of fact discovery.

(b) An opposing letter to Judge Baer from Assistant Corporation Counsel Jessica Cohen, faxed on the night of July 1st.

On July 8, 2008, at my request, Mr. Stoll faxed me certain pages from the Civilian Complaint Review Board ("CCRB") file, pages that had been produced by ACC Cohen as page NYC83, and pages NYC13 through NYC24. On July 9, I held a telephone conference with Mr. Stoll, ACC Cohen, and ACC Rachel Seligman Weiss.

The background is as follows. This lawsuit was commenced on November 13, 2007, with the filing of the Complaint. Paragraph 12 alleged: "On October 21, 2006, ... plaintiff was falsely arrested by Police Officer Salvatore Tudisco, Police Officer Sarah Mather, and John Doe ##1-5s (collectively, "the officers") .... The officers ... grabbed plaintiff, threw him to the ground, assaulted and arrested him." On February 28, 2008, Judge Baer issued a Scheduling Order that included the following:

    2.  No additional parties may be joined after April 28, 2008.

    \*    \*    \*

    4.  Discovery: All discovery, except for expert discovery, shall be commenced in time to be completed by 7/1/08.  ....

    \*    \*    \*

    10.  The parties' signatures below represent their understanding and agreement that this schedule is final and binding upon them unless the Court concludes that extraordinary circumstances warrant an extension with respect to one or more than one of the scheduled dates.

    In my view, Mr. Stoll did not make a strong effort to identify any of the "John Doe" police officers so that he could join them as additional parties by the April 28 deadline.  On February 28, he served a request for the CCRB file and many other documents, but he later agreed to ACC Cohen's requests for extensions beyond March 30, even though he could have insisted that she produce at least the CCRB file by March 30.  ACC Cohen agreed to extend the deadline for joining new parties from April 28 to a "reasonable" time after she produced the CCRB file.

    ACC Cohen mailed most of the CCRB file on April 28, and Mr. Stoll received it on April 30.  The CCRB's 12-page report included the following.  On 3/5/07, Mr. Kendall provided a statement that he was initially grabbed by "a white male in plainclothes, 6' tall, with short blondish-brown hair and a muscular build," and that after a brief time "three to five other plainclothes officers forced Mr. Kendall to the ground."  (NYC14-15.)  At the stationhouse, he was processed for several minutes by PO Tudisco.  "At that time, Mr. Kendall did not recognize PO Tudisco as the man who had [initially] grabbed him."  (NYC15.)  The CCRB interviewer noted that PO Tudisco is 5'8" with black hair (NYC83), and it now seems to be undisputed that his hair is wavy.  Nevertheless, the CCRB concluded that he was the man who had initially grabbed Mr. Kendall, for several reasons.  First, the statements of PO Mathers (on 3/27/07) and PO Tudisco (4/4/07) both said that PO Tudisco initially grabbed Mr. Kendall, and PO Mathers said that she and PO Tudisco had both used their nightsticks while subduing Mr. Kendall.  Second, the other two members of their team were PO Brian Newberry and PO Jose Toala - - but PO Mathers, PO Newberry (3/29/07) and PO Tudisco all

stated that (a) PO Newberry was busy completing a prior arrest of an unrelated person named Oquendo, and (b) PO Toala "was engaged in a foot pursuit of an unrelated suspect." Third, on 9/20/07, the CCRB showed Mr. Kendall two photo arrays (one containing a photo of PO Newberry, the other containing a photo of PO Toala) and Mr. Kendall did not select either PO Newberry or PO Toala. (The CCRB did not show Mr. Kendall any photo of PO Tudisco.)

Mr. Stoll chose to depose only PO Tudisco and PO Mathers, and he deposed them rather close to the July 1st deadline. He deposed PO Tudisco on June 17, 2008, and Mr. Kendall did not attend. Mr. Stoll saw that PO Tudisco was much less than 6' tall and that he did not have short hair. Mr. Stoll says that those details only "sank in" near the end of the deposition, and caused him to believe that PO Tudisco had not been the first officer to grab Mr. Kendall (despite PO Tudisco's testimony to the contrary).

On June 25, Mr. Stoll deposed PO Mathers. He asked her for physical descriptions of the other plainclothes officers, and apparently her description of PO Toala was the closest to the description given by Mr. Kendall of the officer who first grabbed him.

On the night of June 25, Mr. Stoll faxed a letter to Judge Baer (misdated as June 20). He wrote:

> .... This is a request to extend the deadlines to add parties [beyond the April 28 deadline] and conduct [fact] discovery [beyond the July 1st deadline]. .... In particular, the need for the extension is the direct result of the defendants' deliberate misidentification of the most culpable party in the incident in question, and defense counsel's better faith failure to timely turn over documents that might have revealed the misidentification earlier. ....

Mr. Stoll maintains that "the most culpable party" was "the officer who initially grabbed my client." Mr. Stoll's tenuous theory is that PO Tudisco deliberately misidentified himself as that person, and that he and PO Mathers are deliberately concealing the identity of a different plainclothes officer. I agree that defense counsel should have turned over the CCRB documents a bit earlier, but those documents do not "reveal" that PO Tudisco is misidentifying himself; on the contrary, they give reasons why PO Tudisco was indeed the office who initially

-3-

grabbed Mr. Kendall.

Mr. Stoll's June 25 letter to Judge Baer also said:

> .... We have demanded [in a June 20 fax to ACC Cohen] photographs of all of the officers from the 7th precinct and Manhattan South Narcotics who were on duty [in plainclothes] at the time of the incident, .... [We] have [proposed] a viewing procedure that would allow the City to maintain custody of those photographs, with no opportunity for duplication, solely for the purpose of [Mr. Kendall attempting to identify] the one plainclothes officer in question.

During my July 9 telephone conference, I ruled as follows. Mr. Stoll has not shown sufficient cause or prejudice to require the City to produce photos or photo arrays of all of the on-duty plainclothes officers (even if limited to those from Manhattan South Narcotics, a compromise offered by Mr. Stoll on July 9). On the other hand, Mr. Stoll has shown sufficient cause to conduct some limited discovery concerning PO Newberry and PO Toala. The CCRB report (at NYC16) states that Mr. Kendall failed to identify them from photo arrays that were Enclosures 10a-10e to the report. But the City did not provide those Enclosures to Mr. Stoll, and therefore he is unsure whether PO Newberry or PO Toala might be identified (even 21 months after the incident) by Mr. Kendall or by his friend and witness Roy Granato (who lives in North Carolina and was interviewed by the CCRB only by phone, NYC16-17). On July 9, I directed ACC Cohen as follows:

> 1. As soon as possible, the City Law Department must obtain the originals of all photo arrays that were shown to Mr. Kendall by the CCRB. If those are unavailable, then the City Law Department must prepare two new photo arrays, one containing a photo of PO Brian Newberry, the other containing a photo of PO Jose Toala.

> 2. The City Law Department must make all such photo arrays available at its office for separate viewings by Mr. Kendall and by Mr. Granato. Mr. Kendall's attorney may be present during such viewings, and should confer with ACC Cohen to devise a system that will verify whether either viewer did or did not select the photo of PO Newberry and/or PO Toala.

> 3. If either Mr. Kendall or Mr. Granato selects

-4-

the photo of PO Newberry, then the City must (a) immediately provide all documents concerning any complaints against PO Newberry that have ever been substantiated by the CCRB, and (b) promptly produce PO Newberry for deposition.

    4. If either Mr. Kendall or Mr. Granato selects the photo of PO Toala, then the City must (a) immediately provide all documents concerning any complaints against PO Toala that have ever been substantiated by the CCRB, and (b) promptly produce PO Toala for deposition.

    5. In order to comply with 3(a) and 4(a), the City must obtain those documents now, without waiting for the viewings. In order to comply with 3(b) and 4(b), the City must contact PO Newberry and PO Toala now and make tentative arrangements for their potential depositions, without waiting for the viewings.

    6. Within two business days after taking any depositions of PO Newberry and PO Toala, Mr. Stoll may make a motion to Judge Baer to identify any of the "John Doe" defendants and to add them as parties.

After August 4, 2008, the parties must address all correspondence to Judge Baer, and must no longer include my initials after the docket number.

*[signature]*
_____
DOUGLAS F. EATON
United States Magistrate Judge

Dated:    New York, New York
            July 10, 2008

Copies of this Memorandum and Order will be sent by electronic filing to:

Andrew B. Stoll, Esq. (also by fax to 718-852-3586fax)
Jessica T. Cohen, Esq. (also by fax to 212-788-9776fax)
Hon. Harold Baer, Jr.